UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SANHO CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>KAIJET TECHNOLOGY INTERNATIONAL LIMITED, INC.,<br><br>Defendant. | Case No. 5:18-cv-03150-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE**<br><br>Re: Dkt. No. 18 |

This case for copyright infringement and related business torts is about multifunction docking stations which fit into the ports on the side of a laptop to increase the ports' number and functionality. Plaintiff Sanho Corporation alleges that Defendant KaiJet Technology International Limited, Inc. copied Sanho's docking station design to create a competing product that is "confusingly similar."

KaiJet now moves to dismiss Sanho's claims pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), or to transfer this action to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a). Dkt. No. 18. Sanho opposes the motion. Dkt. No. 23.

Federal subject matter jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1332. This matter is suitable for decision without oral argument. Civ. L.R. 7-1(b). As will be explained, Sanho has not satisfied its burden to identify sufficient contacts between KaiJet and California. Because this court lacks personal jurisdiction over KaiJet, its motion will be granted in part and this action will be transferred to the appropriate jurisdictional forum.
Case No.: 5:18-cv-03150-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

1

## I. LEGAL STANDARD

Sanho is a "computer electronics business based out of Fremont," California. First Am. Compl. ("FAC"), Dkt. No. 17, at ¶ 1. In 2016, it released a product known as "'HyperDrive,' which is a multi-function docking station for a computer." Id. at ¶ 11. With respect to the HyperDrive, Sanho alleges it owns a copyright over the product's packaging and is the assignee of a patent covering its design. Id. at ¶ 13. Sanho entered into a contract with Best Buy, the electronics retail chain, "wherein Best Buy would sell Plaintiff's products, including the HyperDrive." Id. at ¶ 81.

In 2017, Sanho alleges it discovered that KaiJet "blatantly copied and began selling a counterfeit version of the HyperDrive, which it labeled the 'UltraDrive.'" Id. at ¶ 17. Sanho alleges that KaiJet attempted to trick consumers into buying the UltraDrive by labeling the product in a manner resembling the HyperDrive's packaging, and by using "a confusingly similar name." Id. at ¶ 18.

Sanho further alleges that KaiJet "specifically targeted" Sanho's relationship with Best Buy. Id. at ¶ 24. According to Sanho, KaiJet "falsely represented to Best Buy that its products did not infringe any third party intellectual property," despite KaiJet's knowledge the UltraDrive infringed Sanho's copyright and patent. Id. at ¶ 25.

Sanho sent KaiJet a cease and desist letter in November, 2017, which had no effect on KaiJet's conduct. Id. at ¶¶ 31, 32. Sanho then commenced this action in May, 2018, and filed the FAC in August, 2018. It asserts the following six causes of action: (1) copyright infringement; (2) violation of California Business and Professions Code § 17200 et seq.; (3) violation of California Business and Professions Code § 17500 et seq.; (4) intentional interference with economic advantage; (5) intentional interference with contractual relations; and (6) unjust enrichment.

The instant motion followed the filing of the FAC.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) provides that a defendant may move for dismissal based on a lack of personal jurisdiction. "When, as here, subject matter jurisdiction is premised on a federal question, the exercise of personal jurisdiction over a non-resident defendant must be authorized by a rule or statute and consonant with the constitutional principles of due process." Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002). "Because there is no applicable federal statute governing personal jurisdiction," the starting point for this analysis is California's long-arm statute which is co-extensive with the outer limits of due process. Id. (citing Cal. Code Civ. Proc. § 410.10). Accordingly, the jurisdictional inquiries under federal due process and California law merge into a single analysis. Id.

Due process permits the exercise of jurisdiction if a court has either general or specific jurisdiction over a nonresident defendant. See Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). "General jurisdiction applies where a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities." Id. (citing Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977)). "Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action." Id.

Although the plaintiff bears the burden of demonstrating jurisdiction, where a court considers only written materials, the plaintiff need only make a prima facie showing of jurisdictional facts to overcome a defendant's motion to dismiss. See Data Disc, Inc., 557 F.2d at 1285. A plaintiff makes a prima facie showing by producing admissible evidence which, if believed, would be sufficient to establish personal jurisdiction. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). In deciding whether such a showing has been made, a district court must accept as true the uncontroverted allegations in the complaint and must resolve any conflicts over statements made in the parties' affidavits in the plaintiff's favor. See Love v. Associated Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010). "However, the court need not assume the truth of mere conclusory allegations." China Tech. Global Corp. v. Fuller, Tubb, Pomeroy &

Case No.: 5:18-cv-03150-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

3

Stokes, No. 05-cv-1793-JW, 2005 WL 1513153, at *1 (N.D. Cal. June 27, 2005).

**III. DISCUSSION**

    **A. This Court Cannot Exercise Personal Jurisdiction over KaiJet**

KaiJet argues that Sanho cannot establish either general or specific jurisdiction in the Northern District of California. In response, Sanho offers no argument for general jurisdiction but focuses its presentation on proving specific jurisdiction. The court will likewise focus its analysis.

        **i. Governing Authority**

Personal jurisdiction is properly exercised when the defendant has "certain minimal contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Data Disc, Inc., 557 F.2d at 1287 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1977); see Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1985). To that end, "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 571 U.S. 277, 283-84 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)) ("Walden"). "[T]he defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284. "[T]he 'primary concern' is 'the burden on the defendant.'" Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cty., 137 S.Ct. 1773, 1780 (2017) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)).

The Ninth Circuit employs a three-part test to determine whether "minimum contacts" exist for specific jurisdiction:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and

Case No.: 5:18-cv-03150-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

4

substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

"The plaintiff bears the burden of satisfying the first two prongs of the test." Id. A strong showing on one will permit a lesser showing on the other. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc). "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." Schwarzenegger, 374 F.3d at 802. But if the plaintiff succeeds on the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. (citing Burger King Corp., 471 U.S. at 476-78).

### ii. Application

Importantly, Sanho's claims each sound in tort. "A forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." Walden, 571 U.S. at 286. "While 'a single act can support jurisdiction,' the act must first 'create[ ] a substantial connection' with the forum." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting Burger King Corp., 471 U.S. at 475 n. 18) ("Axiom Foods"). "Put differently, 'some single or occasional acts' related to the forum may not be sufficient to establish jurisdiction if 'their nature and quality and the circumstances of their commission' create only an 'attenuated' affiliation with the forum." Id. "A defendant's 'random, fortuitous, or attenuated contacts' will not suffice." Id. (quoting Walden, 571 U.S. at 286).

The Ninth Circuit applies to tort claims "an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." Id. Three prongs are considered: "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002).

Case No.: 5:18-cv-03150-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

5

For the first prong of the effects test, Sanho must show that KaiJet committed an intentional act. Sanho alleges that Defendant copied and began selling a counterfeit version of the HyperDrive, and interfered with its business relationship with Best Buy. "This was unquestionably an intentional act, so the first prong of the test is satisfied." Axiom Foods, 874 F.3d at 1069.

For the second prong, Sanho must show that KaiJet "expressly aimed" its intentional act toward California. Sanho can no longer satisfy this prong with allegations describing "individualized targeting;" that is, Sanho must allege something more than the willful infringement of its copyright along with KaiJet's knowledge of both the existence of the copyright and the location of Sanho's home forum. Id. at 1069-70. The court therefore rejects Sanho's contention that it can support personal jurisdiction solely by alleging "[i]nfringing on intellectual property," or that such allegations alone conform to the Supreme Court's holding in Walden or the Ninth Circuit's holding in Axiom Foods. Instead, the "something more" Sanho must describe are KaiJet's own contacts with California, and in particular, any "suit-related conduct" creating a "substantial connection" with this state. Id. at 1070; Walden, 571 U.S. at 284.

Here, undisputed evidence shows that KaiJet's corporate connections are slim. KaiJet is a Georgia corporation with its principal place of business in Georgia. Lyu Decl., Dkt. No. 18, at ¶ 3. It has no office presence or operations in California, does not directly sell any goods or services in the state,[1] does not own any California property, has not registered with the California Secretary of State, and does pay California state income tax. Id. Sanho's attempt to counteract this evidence with connections only marginally related to this action's allegations is unpersuasive; the facts that KaiJet uses California seaports, might pay import tariffs, offers payment processing through PayPal, and has a presence on social media are unquestionably the types of "random, fortuitous, or

---

[1] The court disregards the FAC's conclusory assertion that KaiJet is a "business entity doing business" in California. See China Tech. Global Corp., 2005 WL 1513153, at *1; see also Schwarzenegger, 374 F.3d at 800 (holding that in response to personal jurisdiction challenge, the plaintiff cannot "simply rest on the bare allegations of its complaint").

Case No.: 5:18-cv-03150-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

6

attenuated contacts" that simply cannot suffice to establish specific jurisdiction. Axiom Foods, 874 F.3d at 1068. Similarly, the statements made by KaiJet in response to a separate California lawsuit, and the absence of a challenge to personal jurisdiction in that case, are not instances of "suit-related conduct" that tend to show a "substantial connection" between the allegations made in this action and California. Id. at 1070.

KaiJet's business relationships are also insufficient. Sanho states that KaiJet sells its UltraDrive product to Best Buy "with the knowledge that Best Buy will sell the UltraDrive to California consumers." In essence, Sanho argues that by choosing Best Buy as a retailer, KaiJet - not Best Buy - "decides where the UltraDrive is marketed and sold." But the problem with Sanho's argument is that outside of general information about the locations of Best Buy's retail stores, Sanho offers no evidence that KaiJet, for example, particularly desired a business arrangement with Best Buy in order to target California consumers, or that KaiJet's contract with Best Buy required sales of the UltraDrive in California. In fact, the only evidence on this topic suggests the contrary, mattering not whether Best Buy is a distributor or a retailer.[2] Lyu Decl., at ¶ 7. And much like its minimal corporate connections, Kaijet's shipment of UltraDrives to a warehouse in California is an attenuated connection to the state, not a substantial one. Axiom Foods, Inc., 874 F.3d at 1068.

Other than passive knowledge that Best Buy is a national retailer with a California presence, there is nothing in the record showing that California is the "focal point" of KaiJet's affiliation with Best Buy. Walden, 571 U.S. at 526. The Supreme Court clarified in Walden, however, that a defendant's "relationship . . . with a third party, standing alone, is an insufficient basis for jurisdiction." Id. The majority of cases cited by Sanho that seem to hold something different are inapposite because they were decided before Walden. Those decided after Walden are neither authoritative nor persuasive. In California Brewing Company v. 3 Daughters Brewing

---

[2] Sanho mentions that KaiJet failed to respond to discovery. Notably, however, Sanho did not move to compel KaiJet's responses, and did not move for leave to conduct jurisdictional discovery in response to this motion.

Case No.: 5:18-cv-03150-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

7

LLC, No. 2:15-cv-02278-KJM-CM, 2016 WL 1573399, at *3-4 (E.D. Cal. Apr. 19, 2016), the district court applied the "individualized targeting" approach that has since been refined by Axiom Foods. In Lindora, LLC v. Isagenix International, LLC, 198 F. Supp. 3d 1127, 1139-40 (S.D. Cal. 2016), the district court recited a series of California-specific connections demonstrating that the defendant explicitly sought to exploit a market in this state. Those same or similar connections have not been shown here.

Thus, the court concludes that Sanho has not met its burden to sufficiently demonstrate the second prong of the "effects" test. The analysis ends here, and the court need not address KaiJet's alternative grounds for dismissal. See Schwarzenegger, 374 F.3d at 802. This court cannot exercise personal jurisdiction over KaiJet.

**B.     Transfer is Appropriate Over Dismissal**

When a district court determines that it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. "Because the statute's language is mandatory, federal courts should consider transfer without motion by the parties." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001)

"Transfer is appropriate under § 1631 if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Id. "[T]ransfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is frivolous or was filed in bad faith." Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc., 793 F.3d 991, 996 (9th Cir. 2015). This is a "low bar" and "will usually involve a very limited inquiry by the transferring court." Id.

Here, the three relevant considerations under § 1631 favor a transfer to the United States District Court for the Northern District of Georgia. First, this court lacks personal jurisdiction over KaiJet for the reasons stated in the preceding section. Second, and as KaiJet specifies in its pleadings, the Northern District of Georgia could have exercised personal jurisdiction at the time

Case No.: 5:18-cv-03150-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

8

this action was filed. Third, transfer is in the interests of justice because this action is not obviously frivolous or filed in bad faith.

Accordingly, the court will order this action transferred to the Northern District of Georgia rather than dismissing it.

ORDER

Based on the foregoing, KaiJet's Motion to Dismiss (Dkt. No. 18) is GRANTED IN PART and DENIED IN PART.

The court GRANTS the motion to the extent KaiJet seeks an order finding an inadequate basis for personal jurisdiction. The court also GRANTS the motion to extent it seeks the transfer of this action. The motion is DENIED to the extent it seeks dismissal for lack of personal jurisdiction, and DENIED WITHOUT PREJUDICE as to all arguments made pursuant to Federal Rule of Civil Procedure 12(b)(6).

The hearing scheduled for November 29, 2018, is VACATED. The Clerk shall transfer this action to the United States District Court for the Northern District of Georgia and close this court's file.

**IT IS SO ORDERED.**

Dated: November 23, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03150-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR TO TRANSFER VENUE

9